IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS JUNCKER | : | Case No. 1:15-cv-754 |
| 7405 Clarinbridge Court | | |
| West Chester, Ohio  45069, | : | |
| | | |
| Plaintiff, | : | Judge _____ |
| | | |
| v. | : | |
| | | |
| MILACRON LLC | : | Magistrate Judge _____ |
| 3010 Disney Street | | |
| Cincinnati, OH  45209, | : | |
| | | |
| and | : | |
| | | |
| MILACRON LLC Short-Term | : | |
|    Disability Plan | | |
| c/o Milacron LLC | : | |
| 3010 Disney Street | | |
| Cincinnati, OH  45209, | : | |
| | | |
| and | : | |
| | | |
| AETNA LIFE INSURANCE COMPANY | : | |
| 151 Farmington Avenue | | |
| Hartford, CT  06156, | : | |
| | | |
| Defendants. | : | |

## **COMPLAINT**

For his Complaint against the Defendants, Milacron LLC, the Milacron

LLC Short-Term Disability Plan, and Aetna Life Insurance Company, Plaintiff

Curtis Juncker states as follows:

## Parties

1.     The Plaintiff, Curtis Juncker, is a former employee of Milacron LLC, and is a participant in the Milacron LLC Short-Term Disability Plan and the Milacron LLC Long-Term Disability Plan.

2.     Milacron LLC is a publicly-traded company organized under the laws of the State of Delaware with its principal place of business in Cincinnati, Ohio.

3.     Defendant Milacron LLC Short-Term Disability Plan is a plan or program established and maintained by Milacron LLC for the purposes of providing short-term disability benefits to its employees.

4.     Defendant Aetna Life Insurance Company ("Aetna") is the third-party administrator of the Milacron LLC Short-Term Disability Plan and is the insurer of the Milacron LLC Long-Term Disability Plan.  With respect to Juncker's claim for long-term disability benefits, Aetna is the real party in interest.

## Jurisdiction and Venue

5.     The Plaintiff's claims arise, in whole or in part, under the provisions of the Employee Retirement Income Security Act.  Jurisdiction is predicated upon 20 U.S.C. §1132.

6.     The benefit plans at issue in this case are administered, in part, in Hamilton County, Ohio.  Venue, therefore, is proper in the Western Division of the Southern District of Ohio.

2

## Facts Common to All Claims

7.     Plaintiff Juncker was at all relevant times an employee of Milacron LLC and a participant in its short-term and long-term disability plans.

8.     Juncker suffers from multiple sclerosis, a disease that was first diagnosed in 2011.

9.     Juncker informed Milacron of his illness shortly after it was diagnosed.

10.     Initially Milacron facilitated Juncker's continued employment through work accommodations.

11.     Eventually, even with accommodations, Juncker found he was unable, due both to the disease itself and to side effects of his medication, to perform satisfactory work.

12.     In the fall of 2014, Juncker and his supervisors agreed that he should terminate his employment.

13.     Juncker's last day at work was November 5, 2014, although Milacron continue to pay him into December for the entire month of November.

14.     Juncker promptly filed an application for benefits under the terms of Milacron's Short-Term Disability Plan.

15.     Aetna, as the third-party administrator of Milacron's Short-Term Disability Plan, denied Juncker's claim.

3

16.    On April 30, 2015, Juncker, through counsel, filed an administrative appeal of Aetna's decision.  On July 20, 2015, Aetna acknowledged having received the last information submitted on Juncker's behalf.

17.    Under the terms of the Milacron Short-Term Disability Plan, Aetna was required to respond to Juncker's appeal within 45 days.

18.    Aetna did not respond to Juncker's appeal within 45 days and has not, as of the date of the filing of this Complaint, responded to Juncker's appeal.

19.    To the extent that the Milacron Short-Term Disability Plan is subject to ERISA, Juncker is deemed, by operation of law, to have exhausted his administrative remedies.

## Count 1 - For Short-Term Disability Benefits

20.    The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

21.    Juncker brings this claim against the Milacron Short-Term Disability Plan under 29 U.S.C. §1132(a)(1)(B) and seeks an award of short-term disability benefits.

22.    The Milacron Short-Term Disability Plan is an employee welfare benefit plan subject to the provisions of the Employee Retirement Income Security Act.

23.    Juncker is disabled and entitled to benefits under the terms of

4

the Milacron Short-Term Disability Plan.

24.    Aetna's refusal to respond to Juncker's appeal and to award him benefits to which he is entitled has harmed him by depriving him of benefits he is contractually and equitably entitled to receive.

## Count 2 (In the Alternative) - Breach of Contract

25.    The foregoing paragraphs are incorporated by reference as if fully rewritten herein.

26.    Juncker brings this claim in the alternative to Count 1.

27.    To the extent that the Milacron Short-Term Disability Plan is a payroll practice not subject to ERISA, Juncker brings this claim against Milacron LLC under the common law of Ohio.

28.    To the extent the Milacron Short-Term Disability Plan is not subject to ERISA, it constitutes a contract between Milacron LLC and Juncker, the terms of which are enforceable under Ohio law.

29.    By failing to pay benefits in accordance with the terms of the Milacron Short-Term Disability Plan, Milacron has breached its contractual obligation to Juncker.

30.    As a result of Milacron's breach of contract, Juncker has suffered damage in the form of unpaid benefits.

## Count 3 - Long Term Disability Benefits

31.    The foregoing paragraphs are incorporated by reference as if

fully rewritten herein.

32.    Juncker brings this claim against Aetna under 29 U.S.C. §1132(a)(1)(B) and seeks an award of disability benefits under the terms of the Milacron Long-Term Disability Plan.

33.    Juncker is disabled and entitled to benefits under the terms of the Milacron Long-Term Disability Plan.

34.    Aetna does not accept applications for long-term disability benefits unless a claim for short-term disability benefits has been approved.

35.    Aetna's refusal to process Juncker's short-term disability appeal has effectively denied Juncker access to a meaningful review process for his long-term disability claim.

36.    Aetna's policy of refusing to consider applications for long-term disability absent an approved short-term disability claim, and Aetna's refusal to process Juncker's short-term disability appeal, renders futile any further effort on Juncker's part to exhaust any administrative remedies associated with his long-term disability claim.

37.    Aetna's refusal to respond to Juncker's appeal and to award him benefits to which he is entitled has harmed him by depriving him of long-term disability benefits he is contractually and equitably entitled to receive.

WHEREFORE, the Plaintiff, Curtis Juncker, demands judgment in his favor and against the Defendants, as follows:

A. A determination, under Counts 1 or 2, that Juncker is disabled and entitled to short-term disability benefits, either under ERISA or under Ohio law;

B. A determination, under Count 3, Juncker is disabled and entitled to long-term disability benefits

C. With respect to both short-term and long-term benefits, a lump sum award of benefits, calculated based upon the monthly payment to which Juncker was entitled, from the date benefits should have begun until the date of judgment;

D. With respect to long-term disability benefits, an order directing Aetna to pay a monthly benefit to Juncker commencing on the date of judgment and continuing until Juncker no longer satisfies the definition of disability under the Plan;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees and the costs of this action; and

G. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,


_____/s/ Tony C. Merry_____
Tony C. Merry     (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com